[Crim. No. 2264. In Bank.—July 31, 1919.]

In the Matter of the Application for a Writ of Habeas Corpus in Behalf of THOMAS McDERMOTT.

[1] CRIMINAL LAW—CRIMINAL SYNDICALISM AND SABOTAGE—UNLAWFUL CIRCULATION AND DISPLAY OF PRINTED AND WRITTEN MATTER—ACT WITHIN LEGISLATIVE POWER.—The act of the legislature approved April 30, 1919, entitled "An act defining criminal syndicalism and sabotage, proscribing certain acts and methods in connection therewith and in pursuance thereof and providing penalties and punishments therefor," is not beyond legislative power in so far as its provisions are material to a charge of willfully, unlawfully, and feloniously circulating and publicly displaying certain books, papers, pamphlets, documents, and other printed and written matter, containing and carrying written and printed advocacy, teaching and advising criminial syndicalism, to wit, advocating, teaching, and advising the commission of crime, sabotage, and other willful and malicious damage and injury to property, and unlawful acts of force and violence and unlawful methods of terrorism as a means of accomplishing a change in industrial ownership and control and effecting political changes.

[2] ID.—IMMEDIATE OPERATION OF LAW—STATEMENT OF FACTS—CONSTITUTIONAL LAW.—Section 4 of such act providing that "inasmuch as this act concerns and is necessary to the immediate preservation of the public peace and safety, for the reason that at the present time large numbers of persons are going from place to place in this state advocating, teaching and practicing criminal syndicalism, this act shall take effect upon approval by the governor," is a sufficient compliance with the provisions of section 1 of article IV of the constitution, requiring a statement "in one section of the act" of the facts making it necessary in the judgment of the legislature that a law shall go into immediate effect, where the legislature considers that it is necessary "for the immediate preservation of the public peace, health or safety."

APPLICATION for Writ of Habeas Corpus originally made to the Supreme Court. Denied.

The facts are stated in the opinion of the court.

J. G. Lawlor for Petitioner.

THE COURT.—The prisoner has been held to answer a charge of willfully, unlawfully, and feloniously circulating and publicly displaying certain books, papers, pamphlets, documents, and other printed and written matter, containing and carrying written and printed advocacy, teaching and advising criminal syndicalism, to wit, advocating, teaching and advising the commission of crime, sabotage, and other willful and malicious damage and injury to property, and unlawful acts of force and violence and unlawful methods of terrorism as a means of accomplishing a change in industrial ownership and control and effecting political changes. The complaint or deposition on which he was held to answer stated an offense under the language of an act of the legislature entitled, ''An act defining criminal syndicalism and sabotage, proscribing certain acts and methods in connection therewith and in pursuance thereof and providing penalties and punishments therefor,'' approved April 30, 1919 (Stats. 1919, p. 281). The term ''criminal syndicalism'' is defined in section 1 of the act as ''any doctrine or precept advocating, teaching or aiding and abetting the commission of crime, sabotage (which word is hereby defined as meaning willful and malicious physical damage or injury to physical property), or unlawful acts of force and violence or unlawful methods of terrorism as a means of accomplishing a change in industrial ownership or control, or effecting any political change.'' Subdivision 3 of section 2 defines the particular offense with which the prisoner was charged in substantially the language used in the complaint or deposition.

[1] No reason for holding this act to be beyond legislative power appears to us, certainly in so far as its provisions are material in this case.

Section 4 of the act is as follows: ''Inasmuch as this act concerns and is necessary to the immediate preservation of the public peace and safety, for the reason that at the present time large numbers of persons are going from place to place in this

state advocating, teaching and practicing criminal syndi-
calism, this act shall take effect upon approval by the gov-
ernor.''    [2]   We think this to be a sufficient compliance with
the provisions of section 1 of article IV of the constitution re-
quiring a statement ''in one section of the act'' of the facts
making it necessary in the judgment of the legislature that a
law shall go into immediate effect, where the legislature con-
siders that this is necessary ''for the immediate preservation of
the public peace, health or safety.''   The courts may not say
that this conclusion of the legislature was not justified.

We have read the evidence adduced on the preliminary ex-
amination, and cannot hold that the prisoner has been com-
mitted for trial without reasonable or probable cause.

The application for a writ of *habeas corpus* is denied.

All the Justices concurred.